# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE PARKS, | ) 1:04-cv-06207-REC-TAG HC |
| Petitioner, | ) REPORT AND RECOMMENDATION TO ) DENY PETITIONER'S MOTION FOR |
| v. | ) INJUNCTIVE RELIEF (Doc. 16) |
| WILLIAM SULLIVAN, Warden, | ) |
| Respondent. | ) |

Petitioner is a state prisoner who is proceeding pro se and in forma pauperis pursuant to 28 U.S.C. § 2254.

On September 7, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court. (Doc. 1). On November 29, 2004, the Court issued an order requiring Petitioner to file an amended petition using the proper form and listing the proper respondent. (Doc. 12). On January 18, 2005, Petitioner filed his amended petition. (Doc. 14). On June 13, 2005, Petitioner filed the instant motion for injunctive relief, contending that he has been denied physical access to the prison law library in order to prepare materials for other pending federal cases under 42 U.S.C. section 1983, that prison employees kept Petitioner's materials for 23 days for photocopying, and that, generally, Petitioner, who claims he is physically disabled, has had difficulties obtaining access to the prison law library. (Doc. 16, p. 1.)  Subsequently, Respondent filed his answer and Petitioner filed his traverse. (Docs. 17, 18.)

**DISCUSSION**

Initially, the Court construes Petitioner's motion as a request for mandatory injunctive relief. However, because the relief requested relates to the conditions of Petitioner's confinement,

1

1  not to the fact of his incarceration, this Court lacks jurisdiction to consider his request.

2        A.  <u>The Requirements For Injunctive Relief Have Not Been Satisfied</u>.

3        The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).  The general legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits. <u>Owner Operator Indep. Drivers Ass'n., Inc. v. Swift Transp. Co., Inc.</u>, 367 F.3d 1108, 1111 (9th Cir. 2004).  These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases. <u>Id</u>.; <u>Oakland Tribune,Inc. v. Chronicle Publishing Company, Inc</u>., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Oakland Tribune, Inc</u>., 762 F.2d at 1376.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  <u>Id</u>.  Here, Petitioner has failed to show irreparable harm.

      Although Petitioner contends he has been limited in his access to the prison law library, he makes that argument in the context of preparing documents for a case other than the instant case.[1]  Petitioner makes no argument that denial of access to the law library has hindered his ability to represent himself in the instant habeas proceedings.  Indeed, subsequent to filing the instant motion, Petitioner filed his traverse (Doc. 18), and later filed a motion for appointment of counsel (Doc. 19), without any indication that his ability to do so had been impaired by a lack of

---

[1]Petitioner indicated in his motion that he wanted to prepare documents relating to his "1983" case pending "in your court." (Doc. 16, p. 1). The Court notes that Petitioner has two pending cases in the Eastern District that were filed pursuant to 42 U.S.C. § 1983: <u>Parks v. Lewis</u>, case no. 1:02-cv-6572-OWW-LJO, and <u>Parks v. Schwarzenegger</u>, case no. 2:05-cv-01397-LKK-DAD. The Court presumes Petitioner is referring to one of those cases.

1  access to the prison law library.  This tends to negate any contention that Petitioner has suffered
2  actual injury in this case as a result of a lack of access to the prison law library.
3       Based on the foregoing, any harm Petitioner may suffer in this case based on a lack of
4  access to the law library is, at the moment, purely hypothetical and speculative.  Such diffuse and
5  generalized allegations of harm, without more, fail to demonstrate actual injury, as required by
6  <u>Lewis v. Casey</u>, 518 U.S. 343.  Because Petitioner has not made an adequate showing that he has
7  suffered or is in imminent danger of suffering irreparable injury, the Court must recommend that
8  injunctive relief be denied.  <u>Oakland Tribune, Inc</u>., 762 F.2d at 1376.
9       B.  <u>The Court Lacks Habeas Jurisdiction To Consider Conditions of Confinement</u>.
10      Additionally, the Court lacks jurisdiction, within the framework of a habeas corpus
11  proceeding, to grant the relief Petitioner requests.  A  federal court is a court of limited
12  jurisdiction.  As a threshold and preliminary matter, the Court must have before it for
13  consideration a "case" or "controversy."  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).   Absent such a
14  case or controversy, the Court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d
15  1159, 1162-1163 (9th Cir. 1972).
16      Petitioner is confined in the California Department of Corrections pursuant to a 2001
17  conviction in the San Diego County Superior Court for two counts of lewd and lascivious
18  behavior on a child under the age of 14, in violation of California Penal Code § 288(a), and one
19  count of furnishing lewd material to a minor with the intent to seduce the minor, in violation of
20  Penal Code § 288.2(a).  (Doc. 17-1, p. 1).  The Court's habeas jurisdiction was invoked and is
21  delimited by the amended habeas corpus petition filed on January 18, 2005, challenging a rules
22  violation hearing on April 7, 2003, after which Petitioner was found guilty of the rules violation
23  and given a credit forfeiture of sixty days. (Doc. 14; Doc. 17-1, p. 5).   Thus, the "case" or
24  "controversy" over which this Court now has habeas jurisdiction is framed by the allegations in
25  the amended petition relating to the forfeiture of credits at the 2003 rules violation hearing.
26       That claim, however, does not relate in any fashion to Petitioner's physical disabilities,
27  his physical access to the prison law library, or his ability to prepare his legal case in unrelated
28  civil rights cases pending in this District.  Since the amended petition does not contain

allegations raising issues similar to those presented in Petitioner's motion, there is no controversy present with respect to the issues in Petitioner's motion to which the Court's habeas jurisdiction would extend, nor would the issuance of the order sought by Petitioner in his motion provide relief as to any of the claims contained in his amended petition. Accordingly, the Court lacks jurisdiction to issue such an order.

Petitioner's concerns are more properly addressed in a claim raised pursuant to 42 U.S.C. § 1983. A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), where the defendants are federal actors, is the proper method for a prisoner to seek monetary or injunctive relief based on a challenge to the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

By his motion, Petitioner seeks injunctive relief with respect to conditions of confinement (i.e., access to the law library); the motion does not seek release based on a challenge to the fact or duration of confinement. Thus, the appropriate vehicle for such a claim is an action pursuant to 42 U.S.C. §1983.

## **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's ex-parte motion for an order prohibiting transfer (Doc. 16), be DENIED.

This report and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within five (5) days after being served with this report and recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2006**                               **/s/ Theresa A. Goldner**
**j6eb3d**                                             UNITED STATES MAGISTRATE JUDGE