# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| WAYNE PARKS, | ) 1:04-CV-06207 LJO JMD (HC) |
|               Petitioner, | ) FINDINGS AND RECOMMENDATION |
| v. | ) REGARDING PETITION FOR WRIT OF |
| | ) HABEAS CORPUS |
| WILLIAM SULLIVAN, Warden, | ) [Doc #1] |
|               Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Diego, following his conviction

---

[1] This information is derived from the petition for writ of habeas corpus, the exhibits attached to the Petition, Respondent's answer to the Petition, and the exhibits lodged with the answer.

by jury trial for two counts of lewd and lascivious behavior committed on a child under the age of 14 years old (Cal. Pen. Code § 288(a)), and one count of furnishing lewd material to a minor with the intent of seducing a minor (Cal. Pen. Code § 288.2(a)).  See Answer, Exh. A (Abstract of Judgment).  Following his conviction Petitioner was sentenced to a determinate prison term of ten years and eight months.  Id.

On March 12, 2003, Petitioner was issued a Rules Violation Report ("RVR") for refusing to submit DNA samples as required by California Penal Code section 296 and California Code of Regulations, title 15, section 3025.  Petitioner had previously refused to submit DNA samples on February 25, 2003.  See Answer, Exh. B (Rules Violation Report).  As a result of this refusal, Petitioner was issued a CDC-128 informative chrono and made subject to disciplinary proceedings.  On April 07, 2003, Petitioner appeared before a Hearing Officer regarding this rules violation and was assessed a credit forfeiture of 60 days.

Subsequently Petitioner filed a petition for writ of habeas corpus in the California Supreme Court challenging this forfeiture of credit.  See Petition, Exh. D.  This petition was denied on January 22, 2004, with citations to In re Swain, 34 Cal.2d 300, 304 (1949) (vague and/or conclusory claims) and In re Dexter, 25 Cal.3d 921 (1979) (failure to exhaust administrative remedies).

On September 07, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court.  On January 18, 2005, Petitioner filed an Amended petition.  The petition for writ of habeas corpus does not challenge the underlying conviction; rather, it challenges the March 12, 2003 Rules Violation Report.  Petitioner argues his due process rights were violated because he was denied a staff witness at the hearing, not assigned a staff assistant at the hearing to investigate, and was not given 24 hours notice of the charges against him.

On June 23, 2005, Respondent filed an answer to the petition.  Petitioner filed a traverse on August 04, 2005.[2]

///

---

[2] Petitioner's Traverse is written largely in Latin.  Thus it does not comport with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim."

2

**DISCUSSION**

I.  **Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging [her] underlying state court conviction.'").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

1  *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this
2  Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as
3  of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other
4  words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or
5  principles set forth by the Supreme Court at the time the state court renders its decision." Id.

6  Finally, this Court must consider whether the state court's decision was "contrary to, or
7  involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at
8  72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may
9  grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]
10  Court on a question of law or if the state court decides a case differently than [the] Court has on a
11  set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S.
12  at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the
13  state court identifies the correct governing legal principle from [the] Court's decisions but
14  unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at
15  413.

16  "[A] federal court may not issue the writ simply because the court concludes in its
17  independent judgment that the relevant state court decision applied clearly established federal
18  law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
19  A federal habeas court making the "unreasonable application" inquiry should ask whether the
20  state court's application of clearly established federal law was "objectively unreasonable." Id. at
21  409.

22  Petitioner has the burden of establishing that the decision of the state court is contrary to
23  or involved an unreasonable application of United States Supreme Court precedent. Baylor v.
24  Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the
25  states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a
26  state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th
27  Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

28  AEDPA requires that we give considerable deference to state court decisions. The state

court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

II.  **Review of Petitioner's Claim**

    A.    Procedural Default

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  This doctrine of procedural default is based on the concerns of comity and federalism. Id., at 730-32.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

In addition, the state law ground must be independent of federal law.  "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704, *citing* Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), *quoting* Coleman, 501 U.S. at 735 ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'")  "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000), *quoting* Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

Also, a federal court may only impose a procedural bar on claims if the procedural rule that the state used is adequate to support the judgment. To be adequate, "the state's legal grounds for its decision must be firmly established and consistently applied." King v. LaMarque, ___ F.3d ___, 2006 WL 2684539 *1 (9th Cir. 2006), *citing* Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir.

5

2003). To be firmly established and consistently applied, the rule must be clear and certain. King, 2006 WL 2684539 *1, *citing* Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002); see also Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default).

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park, 202 F.3d at 1150.

Here, the California Supreme Court declined to review the merits of the petition and rejected it with citation to In re Dexter, 25 Cal. 3d 921. In Dexter, the California Supreme Court held in relevant part that an inmate will not be afforded judicial relief unless he has exhausted available administrative remedies. Id.; see also In re Muszalski, 52 Cal.App.3d 500 ("[w]e conclude that Department has provided inmates with viable, efficacious administrative remedies which must be exhausted by an inmate before resorting to a petition for habeas corpus in the courts."). Based on the record now before the Court, it appears Petitioner filed a Petition for writ of habeas corpus in the California Supreme Court without first seeking relief with the California Department of Corrections and Rehabilitation; thus Petitioner did not exhaust the available administrative remedies

The rule in California that an inmate must exhaust his administrative appeals is well-established and has been applied since 1941. See Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941). The rule was firmly established at the time of Petitioner's default, and has been consistently applied. See Dexter, 25 Cal.3d at 925; In re Muszalski, 52 Cal.App.3d 500, 503; In re Serna, 76 Cal.App.3d 1010, 1014 (1978); Wright v. State, 122 Cal.App.4th 659 (2004). In addition, Dexter is based on state law and is independent of federal law. See Carter v. Giurbino, 395 F.3d 1194, 1197-1198 (9th Cir. 2004) (a state rule is independent where "[n]o federal analysis enters into the [rule's] equation"). Thus, the rule in Dexter is an adequate and independent state ground that bars this Court from reaching the merits of Petitioner's claims.

Furthermore, nothing on the record establishes cause and prejudice sufficient to excuse Petitioner's default. Accordingly, Petitioner's claim is procedurally barred. Nonetheless, the Court will address the merits of Petitioner's claim.

B.     Merits

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

Petitioner challenges the procedural sufficiency of his disciplinary proceeding. Specifically, Petitioner argues that a staff witness should have been present at the hearing, that a staff assistant should have been assigned him, and that he did not receive 24-hour advance notice of the charges before the hearing.

Examining the evidence in its entirety, the Court finds that the disciplinary hearing in question comported with Petitioner's due process rights. With respect to advance notice, Petitioner's claim is without merit. The record reflects that Petitioner was provided with notice on February 23, 2003, nearly three weeks before his March 12, 2003 disciplinary hearing. See Exh. B. Regarding Petitioner's claim that he was denied the right to call a requested witness,

1 Petitioner's claim fails due to his having expressly waived the presence of said witness.  Id.

2   Finally, Petitioner claims a violation of due process in being denied his request for a staff
3 assistant at the hearing.  In Wolff, the Supreme Court held that "where an illiterate inmate is
4 involved . . . or whether the complexity of the issue makes it unlikely that the inmate will be able
5 to collect and present the evidence necessary for an adequate comprehension of the case, he
6 should . . . have adequate substitute aid in the form of help from the staff . . . ." 418 U.S. at 570.
7 In the present case, the hearing officer determined  that an investigative employee or staff
8 assistant was not required.  See Answer, Exh. B.  As per the policy of the California Department
9 of Corrections, a Mental Health Clinician issued a report providing information relative to
10 Petitioner's ability to understand and participate in the disciplinary process.  See Answer, Exh. C.
11 The report in question indicates that Petitioner "does not evidence impairment in [his] ability to
12 comprehend the nature of the charges or the disciplinary process," and that it "does not appear
13 that this inmate would benefit from staff assistance."  Id.  Therefore, it is clear all due process
14 requirements were met.

## RECOMMENDATION

17   Based on the foregoing, it is HEREBY RECOMMENDED that:

18   1.   The petition for writ of habeas corpus be DENIED; and

19   2.   Judgment be ENTERED in favor of Respondent.

20   This Findings and Recommendations is submitted to the assigned United States District
21 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
22 the Local Rules of Practice for the United States District Court, Eastern District of California.
23 Within thirty (30) days after being served with a copy, any party may file written objections with
24 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
26 and filed within ten (10) court days (plus three days if served by mail) after service of the
27 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
28 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 17, 2008**              <u>        /s/ John M. Dixon        </u>
                                           UNITED STATES MAGISTRATE JUDGE